UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL G. MULDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 13-CV-3324 |
| ) | |
| DR. HUGHES LOCHARD, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

On August 8, 2013, Plaintiff suffered an injury to his face while playing basketball. He suspected that his tooth had cracked or that a nerve in his mouth was exposed, due to the excruciating and throbbing pain he was experiencing. Plaintiff allegedly tried over the next week to obtain adequate medical attention to no avail. He was provided pain medicine, but no one would actually examine Plaintiff to determine the cause of his pain. Plaintiff collapsed on the floor several times due to the excruciating pain and dizziness he

was suffering. On August 15, 2013, Plaintiff was seen by the dentist who diagnosed Plaintiff with an abscess on his gums and nerve damage around his tooth.

## ANALYSIS

Plaintiff's claim is governed by the Fourteenth Amendment, not the Eighth Amendment, but there is no practical difference between the legal standards on a claim for lack of medical care. Thomas v. Cook County Sheriff's Dept., 604 F.3d 293, 301 n.2 (7th Cir. 2010); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). Plaintiff must show "(1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." Chapman, 241 F.3d at 845.

An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Chapman, 241 F.3d at 845 (quoted citations omitted). A condition can be considered serious if, without treatment, the plaintiff suffered "'further significant injury

or unnecessary and wanton infliction of pain.'" Arnett v. Webster, 658 F.3d 742, 751 (7th Cir.2011)(quoted cite omitted).

The subjective component, deliberate indifference, is not negligence (malpractice) or even gross negligence. Chapman, 241 F.3d at 845 (citation omitted).  Deliberate indifference is the conscious disregard of a known risk of substantial harm.  Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).  Deliberate indifference to "prolonged, unnecessary pain" can amount to a constitutional violation.  Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012)(internal and quoted cites omitted); Williams v. Liefer, 491 F.3d 710 (7th Cir. 2007)(affirming denial of summary judgment for six hour delay in providing nitroglycerine, which immediately relieved inmate's pain:  "a jury could find that the defendants' delay caused Williams six extra hours of pain and dangerously elevated blood pressure for no good reason."); Gil v. Reed, 381 F.3d 649 (7th Cir. 2004)(summary judgment reversed where jury could find delay caused "many more hours of needless suffering for no reason").

Plaintiff's own description of his symptoms allows an inference that he had a serious medical need.  His alleged repeated attempts to obtain help allow an inference of deliberate indifference.

Typically the non-medical Defendants are dismissed at this stage because they are entitled to rely on the medical professionals' judgment.  Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).  However, at this point the Court cannot determine whether Plaintiff's medical needs were so obvious that even a layperson would have known that Plaintiff was being denied adequate care. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)( nonmedical defendants may be liable if "'they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'")(quoted cites omitted).  This case will therefore proceed against all Defendants.

**IT IS ORDERED:**

    1.   Pursuant to a review of the Complaint, the Court finds that Plaintiff states a federal constitutional claim for deliberate indifference to his serious medical needs.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. An order will enter assessing a partial filing fee. Plaintiff's petition to proceed in forma pauperis will be revoked and this case will be dismissed if Plaintiff does not pay the partial filing fee.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED: 1) Plaintiff's petition to proceed in forma pauperis is granted; 2) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures and to assess a partial filing fee.**

ENTERED: November 7, 2013

FOR THE COURT:

                                        **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE