**E-FILED**
Wednesday, 05 August, 2015  09:24:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL G. MULDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-3324 |
| | ) | |
| MATTHEW CLARK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for deliberate indifference to a serious medical need.  The matter comes before the Court for ruling on the remaining defendants' respective motions for summary judgment (Docs. 47, 56).  The motions are granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  <u>Ogden v. Atterholt</u>, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

## FACTS

On August 8, 2013, Plaintiff was struck in the face by a basketball on two occasions.  Several times over the next 3-4 days, Defendant Lostutter, a nurse at the TDF, and other nurses, provided Plaintiff with Motrin 800, a non-steroidal, anti-inflammatory drug, to relieve the pain and swelling in the affected area.  According to Defendant Lostutter, she did not observe any signs during those interactions that Plaintiff needed emergency

care.  Presumably, neither did the other nurses, as at no time was Plaintiff treated on an emergency basis during that period.  Plaintiff later admitted in his deposition that his condition was not life-threatening.  Pl. Dep. 57:1-2.  As treatment goes, Defendant Lostutter provided the maximum dosage of pain medication to the Plaintiff that she was authorized to dispense and submitted Plaintiff's written requests for medical care to the healthcare unit.

On August 12, 2013, Dr. Lochard, a physician at Rushville, examined Plaintiff.  Dr. Lochard prescribed Plaintiff a stronger pain medication and told him to refrain from playing sports.  (Doc. 43-11 at 22-23).  The next morning, at approximately 5:30 a.m., Plaintiff states that he awoke to excruciating pain in his face, dizziness, and blurred vision.  The parties dispute whether Plaintiff spoke to Defendant Kotansky, a Security Therapy Aide I ("STA"), that morning, but, nonetheless, neither party disputes that Plaintiff's roommate contacted Defendant Kotansky regarding Plaintiff's condition within a short time after the symptoms arose.  Defendant Kotansky relayed the description of Plaintiff's symptoms to the healthcare unit, and nurses told him that Plaintiff's symptoms were

not life-threatening.  Therefore, the nurses said Plaintiff could wait until 8:00 a.m. to see a nurse.

A short time later, Plaintiff spoke to Defendant Clark, an STA. According to the Plaintiff, Defendant Clark observed the swelling in Plaintiff's face.  When Plaintiff requested emergency medical treatment, Plaintiff alleges that Defendant Clark failed to request emergency treatment, instead, choosing to make a joke about the swelling in Plaintiff's face.  Pl. Dep. 63:3-8.  Afterwards, Plaintiff states that he sat on the floor until the next shift of STAs reported.

Plaintiff was taken to the healthcare unit at approximately 7:00 a.m., after another, non-defendant STA observed Plaintiff to be slumped on the floor of his room.  After a period of observation, Plaintiff was prescribed more pain medication and antibiotics to treat an abscess that had developed in his mouth.  Within the one-to-two weeks, Plaintiff's tooth was extracted, and the abscess drained by a dentist.  Following this procedure, Plaintiff no longer experienced pain in his face.

## ANALYSIS

As a civil detainee, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the

Eighth Amendment prohibition against cruel and unusual punishment.  Mayoral v. Sheahan, 245 F.2d 934, 938 (7th Cir. 2001).  Despite this distinction, there exists "little practical difference between the two standards."  Id. (quoting Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000)).  To succeed on constitutional claim for inadequate medical care, the Plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. Mayoral, 245 F.3d at 938.  Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff suffered an injury that, while not life-threatening, caused severe pain and required the ongoing administration of medication to alleviate pain until the underlying condition could be treated.  When coupled with the resulting dental procedure Plaintiff

required, this is enough to show that Plaintiff suffered from an objectively serious medical need for purposes of the Eighth and Fourteenth Amendments.  E.g. King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Next, Plaintiff must show that the remaining defendants were deliberately indifferent to this medical need.  Plaintiff does not argue he was wholly denied medical care, only that he should have been provided with emergency, or at least more expedient, care. While agreeing that Defendant Lostutter did everything she was authorized to do in the time between when Plaintiff sustained the injury and Dr. Lochard's examination, Plaintiff argues that Defendant Lostutter was deliberately indifferent because she failed to declare Plaintiff's condition an emergency or contact a physician to get Plaintiff stronger pain medication.

As a nurse, Defendant Lostutter's decision not to do as Plaintiff asserts was necessary is a matter of professional discretion with which the courts will not interfere unless the evidence

suggests that "'no minimally competent professional would have so responded under those circumstances.'" <u>Sain v. Wood</u>, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting <u>Collignon v. Milwaukee Cnty.</u>, 163 F.3d 982, 988 (7th Cir. 1998)).  In other words, a medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." <u>Id.</u> (quoting same).  There is no evidence in the record to suggest that Defendant Lostutter deviated from accepted medical practice.  Plaintiff had been hit in the face with a basketball, an injury not usually associated with serious injury, although some pain and swelling could be expected as a result. Moreover, Plaintiff was able to see Dr. Lochard a couple of days after he sustained the injury.  Plaintiff may have disagreed with the treatment that Defendant Lostutter provided, but a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability.  <u>Snipes v. DeTella</u>, 95 F.3d 586, 592 (7th Cir. 1996).  Therefore, the Court finds that no

reasonable juror could conclude that Defendant Lostutter was deliberately indifferent.

Defendant Kotansky and Clark are not medical professionals; they are both Security Therapy Aides at the TDF.  In general, nonmedical jail personnel are entitled to defer to the medical judgments of the jail medical staff so long as the inmates complaints are not ignored.  <u>Berry v. Peterman</u>, 604 F.3d 435, 440 (7th Cir. 2010).  On August 13, 2013, Plaintiff was under the care of medical professionals at the jail and had been for several days.  On that morning, Plaintiff complained of pain, swelling, dizziness, and blurred vision.  Upon speaking with Plaintiff's roommate, Defendant Kotansky called the healthcare unit to determine whether emergency care was needed.  When a nurse in the healthcare unit informed Defendant Kotansky that Plaintiff's condition was not an emergency and that Plaintiff could wait a couple of hours for treatment, Defendant Kotansky was entitled to rely upon that determination.

Defendant Clark's decision to joke about the matter is not commendable; however, there is no evidence in the record that Defendant Clark observed conditions that warranted emergency

medical treatment at the time he spoke to Plaintiff.  Plaintiff was
conscious and coherent, albeit in pain; and, by Plaintiff's own
deposition testimony, he did not sit on the floor until after the
conversation.  Pl. Dep. 63:9-20.  While "delay in treating a condition
that is painful even if not life-threatening may well constitute
deliberate indifference," Gonzalez v. Feinerman, 663 F.3d 311, 315
(7th Cir. 2011), at worst, Plaintiff would have had to wait
approximately two-and-one-half hours before seeing a medical
professional for his condition on that day.  According to the medical
records, the time from injury to dental procedure appears to be 17
days.  (Doc. 43-11 at 22-24).  Under any circumstances, the Court
cannot say that this constituted a significant delay that would
implicate constitutional concerns.  Therefore, the Court finds that
no reasonable juror could find that Defendants Kotansky and Clark
were deliberately indifferent.

**IT IS THEREFORE ORDERED:**

1) **Defendants' Motions for Summary Judgment are GRANTED
   [47][56].  The clerk of the court is directed to enter judgment
   in favor of the Defendants and against Plaintiff.  All pending
   motions are denied as moot, and this case is terminated,
   with the parties to bear their own costs.**

**2) If Plaintiff wishes to appeal this judgment, he must file a
notice of appeal with this Court within 30 days of the
entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for
leave to appeal in forma pauperis MUST identify the issues
the Plaintiff will present on appeal to assist the court in
determining whether the appeal is taken in good faith. See
Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164
F.3d 396, 398 (7th Cir. 1999)(an appellant should be given
an opportunity to submit a statement of his grounds for
appealing so that the district judge "can make a
reasonable assessment of the issue of good faith."); Walker
v O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that
a good faith appeal is an appeal that "a reasonable person
could suppose...has some merit" from a legal perspective).
If Plaintiff does choose to appeal, he will be liable for the
$505.00 appellate filing fee regardless of the outcome of
the appeal.**

ENTERED:      August 5, 2015

FOR THE COURT:


    _s/Sue E. Myerscough_
    SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE